## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAGE THERAPEUTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:17-cv-11089 |
| | ) | |
| v. | ) | |
| | ) | |
| SAGE NATURALS, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

This is an action for trademark infringement, false designation of origin and unfair competition, and trademark dilution.  Plaintiff Sage Therapeutics, Inc. ("Sage Therapeutics") alleges as follows for its complaint against Defendant Sage Naturals, Inc., formerly known as Sage Biotech, Inc. ("Sage Naturals").

## NATURE OF THE ACTION

1.       Plaintiff Sage Therapeutics seeks damages and injunctive relief for trademark infringement, unfair competition and false designation of origin, and trademark dilution by Sage Naturals in violation of the laws of the United States and the Commonwealth of Massachusetts. Sage Therapeutics is a biopharmaceutical company committed to developing novel medicine. Defendant's knowing use of its company name and use of the trademarks SAGE and SAGENATURALS in connection with the sale of medicine in the form of medical marijuana is a willful violation Sage Therapeutics' trademark rights.

## PARTIES

2.       Plaintiff Sage Therapeutics, Inc. is a corporation organized and existing under the

laws of the State of Delaware and having its principal place of business at 215 First Street, Cambridge, Massachusetts, within this judicial district.

3.      Defendant Sage Naturals, Inc. is, upon information and belief, a corporation organized under the laws of Massachusetts having its principal place of business at 13 Commercial Way, Milford, Massachusetts and selling medicine in the form of medical marijuana at 1001 Massachusetts Avenue, Cambridge, Massachusetts, both within this judicial district.

## JURISDICTION AND VENUE

4.      This action arises under federal law, state law, and common law.  The federal law claims are federal trademark infringement in violation of 43(a) of the Lanham Act (15 U.S.C. § and 1125(a)) and federal unfair competition and false designation of origin in violation of the Lanham Act (15 U.S.C. § 1125(a)).  The state and common law claims are unfair competition in violation of Massachusetts Law (Mass. Gen. Laws Ch. 93A, § 11), trademark infringement in violation of Massachusetts Common Law, and trademark dilution in violation of Massachusetts Law (Mass. Gen. Laws Ch. 110H § 13).

5.      This Court has subject matter jurisdiction over the federal law claims under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (trademark and unfair competition claims).

6.      This Court has supplemental subject matter jurisdiction over the state law and common law claims under 28 U.S.C. § 1367.

7.      This Court has both specific and general personal jurisdiction over Defendant Sage Naturals.  Pursuant to due process and the Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3, Defendant Sage Naturals is subject to this Court's specific personal jurisdiction because this cause of action arises from: (1) Sage Naturals' business transactions in

Massachusetts; and (2) Sage Naturals causing tortious injury to Sage Therapeutics by acts within Massachusetts, specifically by infringing Sage Therapeutics' trademark rights through acts in Massachusetts.  Defendant Sage Naturals is subject to this Court's general personal jurisdiction because it has continuous and systematic general business contacts in Massachusetts and the exercise of jurisdiction would be reasonable.

8.      Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) as, *inter alia*, Defendant resides in this district and a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

### *Plaintiff Sage Therapeutics and Its Trademarks*

9.      Sage Therapeutics is a publicly traded, clinical-stage biopharmaceutical company committed to developing novel medicines to transform the lives of patients with life-altering central nervous system ("CNS") disorders.

10.      Sage Therapeutics was first incorporated on April 16, 2010 in Delaware as Sterogen Biopharma, Inc.  It changed its corporate name to Sage Therapeutics, Inc. in November 2010.  Sage Therapeutics' date of corporate registration in Massachusetts was January 24, 2011.

11.      Sage Therapeutics' principal office is at 215 First Street in Cambridge, Massachusetts.

12.      Sage Therapeutics has used SAGE, SAGE THERAPEUTICS, and the Sage Therapeutics logo, whether in black and white or in color (as shown below), as well as other SAGE-formative marks (collectively, the "SAGE Marks") in connection with its business since at least as early as October 2011:



13.     Sage Therapeutics owns U.S. Registration No. 4,879,416, which registered January 5, 2016, for pharmaceutical research and development services, namely, research and development of pharmaceuticals to treat central nervous system disorders, for the mark:



This registration remains in full force and effect, having neither been revoked nor cancelled.

14.     Sage Therapeutics also owns U.S. Application No. 87/366,176, filed on Mar. 10, 2017, for a house mark for pharmaceutical preparations, for the same mark.

15.     Sage Therapeutics has used and continues to use its company name and its SAGE Marks on products distributed to physicians and patients in interstate commerce in connection with human clinical trials for pharmaceutical preparations for the treatment of central nervous system (CNS) disorders, including certain severe seizure disorders, postpartum depression, major depressive disorder, essential tremor, Parkinson's disease, and orphan epilepsies.  For example, clinical trials for SAGE-547, an investigational medicine intended for treatment of super-refractory status epilepticus ("SRSE") and postpartum depression ("PPD"), began in March 2014 and clinical trials for SAGE-217, an investigational medicine intended for treatment of major depressive disorder, postpartum depression, essential tremor, and Parkinson's disease, began in October 2015.  SAGE-547 is currently in Phase 3 clinical trials.  SAGE-217 is currently in Phase 2 clinical trials.  Sage Therapeutics is also conducting a Phase 1 clinical trial of SAGE-718

which is expected to be initially developed for certain cerebrosterol deficit disorders, anti-NMDA receptor encephalitis, and indications characterized by NMDA hypofunction. Data from these clinical trials and future clinical trials, if successful, are intended for submission to the FDA for purposes of obtaining approval to market these medicines in the studied indications.

16.     Sage Therapeutics is also in preclinical phases of development for other pharmaceutical preparations with the potential to treat a range of CNS disorders, including SAGE-324 (being considered for development in indications such as Dravet syndrome, Lennox-Gastaut syndrome, Tuberosis Sclerosis, and Rett syndrome) and SAGE-689 (being considered for development in status epilepticus and other indications).

17.     Sage Therapeutics is exploring additional potential pharmaceutical preparations for treatment of a variety of CNS disorders based on modulation of both the $GABA_A$ and NMDA receptors. $GABA_A$ and NMDA receptor modulation may have potential for development in the treatment of a number of indications, including anxiety, depression, sleep disorders, autism, Alzheimer's disease, mania, tremor, tinnitus, and post-traumatic stress disorder ("PTSD").

18.     The recipients of materials bearing the SAGE Marks include clinical study patient and potential patient populations, physicians and other health care professionals, caregivers, potential employees, investors and journalists as well as the public at large. The SAGE Marks appear on the materials distributed to potential clinical study patients and doctors, and in newspapers, online media, and the like. Sage Therapeutics prominently displays the SAGE Marks at scientific conferences.

19.     Sage Therapeutics makes extensive use of its SAGE Marks on its own web site, www.sagerx.com, and elsewhere, such as educational endeavors supported by Sage Therapeutics, including www.srse.com, an educational website about SRSE and

www.ppdsilencesucks.com, an educational website about PPD.

20.     Since Sage Therapeutics' inception, the Sage Therapeutics company name and its SAGE Marks (*e.g.*, SAGE-547) have appeared in the popular press, including the Boston Globe. The SAGE Marks recently appeared on a series of advertisements appearing prominently along the outsides of public transit subway cars and buses in the greater Boston area, seen by numerous commuters and the public.  The SAGE Marks receive extensive exposure in the marketplace and are strong marks.

21.     Through Sage Therapeutics' significant and long-term promotional activities, its SAGE Marks embody extensive goodwill with high industry recognition.

### *Defendant Sage Naturals f/k/a Sage Biotech and Its Unlawful Conduct*

22.     Sage Naturals, known as Sage Biotech until very recently, uses the term SAGE in its company name and trademarks with an emphasis on the therapeutic, medicinal nature of its products that is likely to cause confusion in violation of Sage Therapeutics' trademark rights – and there have already been at least two instances of actual consumer confusion.

23.     Sage Naturals emphasizes the medicinal nature of its product.  Sage Naturals' website prominently features the phrase "The Science of Feeling Better" and states:

> The entire Sage Naturals team is working together to achieve one goal: produce the best possible medicine for the patients of Massachusetts. Period. We

*See* https://sagecannabis.org/ (last visited June 13, 2017).

24.     Sage Naturals' website refers to its customers as patients and provides information on how to "Become a Patient."  *See* https://sagecannabis.org/become-a-patient (last visited June 13, 2017).



25.     Sage Naturals' medicine in the form of medical marijuana is used to treat the same types of central nervous system conditions as that of Sage Therapeutics.  Specifically, medical marijuana may be used in Massachusetts pursuant to Chapter 369 of the Acts of 2012, An Act for the Humanitarian Medical Use of Marijuana.  Sage Naturals' product may be used to treat many of the same CNS disorders that Sage Therapeutics' drugs are being developed to treat, or may be developed in the future, including but not limited to Parkinson's disease, mood disorders (anxiety, depression, PTSD), seizures, tremors, and epilepsy.  *See, e.g.*, 105 C.M.R. §§ 725.000 *et seq.* (Mass. Department of Public Health regulations implementing An Act for the Humanitarian Medical Use of Marijuana).

26.     In fact, Michael Dundas, chief executive of Sage Naturals, stated in a letter published in Cambridge Day magazine on February 5, 2016, that "medical marijuana is a highly effective treatment option for a variety of debilitating medical conditions, symptoms and syndromes.  …  Our organization exists to serve patients with medical conditions that will benefit from marijuana as a treatment option.  These are patients suffering from the side effects of chemotherapy or cancer itself, children with extreme forms of seizure disorders, sufferers of Parkinson's  Disease,  ALS  and  multiple  sclerosis,  among  others.  …"  *See* http://www.cambridgeday.com/2016/02/05/anticipating-questions-about-dispensary-sage-

cannabis-chief-takes-the-initiative/ (last visited June 13, 2017).

27.     In a similar letter published in Cambridge Day magazine on February 17, 2017, Mr. Dundas referred to "cannabis as medicine," his company's "plan to serve patients citywide, as well as a number of patients from surrounding communities," and he stated that "a growing number of people have reported that medical marijuana has helped them feel better" for conditions such as "cancer, glaucoma, positive status for [HIV], [AIDS], hepatitis C, [ALS], Crohn's disease, Parkinson's disease or multiple sclerosis – or for other conditions such as anxiety, sleeplessness, post-traumatic stress disorder and neuropathic pain..." *See* http://www.cambridgeday.com/2017/02/18/medical-marijuana-dispensary-opens-soon-welcoming-patients-after-tough-process/ (last visited June 13, 2017).

28.     In an April 2017 interview with Wicked Local, Mr. Dundas also said that "[c]ancer, AIDS, ALS, and Parkinson's patients are the typical clients, but patients also suffering from anxiety disorders and PTSD find comfort in medical marijuana." *See* http://cambridge.wickedlocal.com/news/20170421/milfords-sage-cannabis-sells-products-at-cambridge-facility (last visited June 13, 2017).

29.     Additionally, other companies have been developing marijuana-based drugs for the treatment of CNS disorders.  For example, GW Pharmaceuticals plc and Insys Therapeutics, Inc. have been developing liquid formulations of cannabidiol (CBD) for treatment of pediatric epilepsy disorders such as Dravet Syndrome and Lennox-Gastaut Syndrome.  CBD is a non-psychoactive chemical found in marijuana.

30.     Sage Naturals did not begin using the term SAGE in its name or marks until well after Sage Therapeutics.  Upon information and belief, Sage Naturals first incorporated in Massachusetts on June 18, 2013 as Bay State Patients Group, Inc.  On August 19, 2014, it

changed its name to Bay State Relief, Inc.  On February 14, 2014, it again changed its name, this time to Milford Medicinals, Inc.  On December 9, 2015, it changed its name yet again, this time to Sage Cannabis, Inc.  On January 18, 2017 it changed its name again to Sage Biotech, Inc. Sage Biotech was operating under that name until about March 27, 2017 when, in response to communications with Sage Therapeutics' counsel, it began doing business as Sage Naturals.  On April 30, 2017, Sage Biotech, Inc. formally changed its name to Sage Naturals, Inc.  Upon information and belief, Sage Naturals did not have Massachusetts regulatory approval to sell medical marijuana until March 10, 2017.

31.     Sage Naturals is doing business in close geographic proximity to Sage Therapeutics.   Upon information and belief, Sage Naturals advertised that it was open for business selling medicine in the form of medical marijuana at 1001 Massachusetts Avenue in Cambridge, Massachusetts in March 2017.  This location is less than 2.5 miles away from Sage Therapeutics' principal office at 215 First Street in Cambridge, Massachusetts.

32.     As recently as March 2, 2017, Sage Naturals' website prominently featured logos,

 and  , which bear a striking

similarity to Sage Therapeutics' logo,                                    .

33.     As recently as early April 2017, Sage Naturals' medical marijuana dispensary in Cambridge prominently featured similar logos on the entrance and exit.  For example, the entrance:



34.    Later in April 2017, Sage Naturals changed its website to prominently feature



SAGENATURALS logos such as

and  .

35.    Similarly, in April 2017 Sage Naturals also changed some of the signage at its

Cambridge medical marijuana dispensary to feature the SAGENATURALS logo.  For example,

the entrance:



36.     Consumers have suffered actual confusion as a result of Sage Naturals' unlawful use of the SAGE name and marks.  For example, on April 1, 2017, a consumer arrived at Sage Therapeutics' office in Cambridge believing it to be Sage Naturals' medical marijuana dispensary.  Similarly, on April 6, 2017, another consumer arrived at Sage Therapeutics' office in Cambridge believing it to be Sage Naturals' medical marijuana dispensary.  In both instances, Sage Therapeutics let the consumers know that they had the wrong address.

37.     Distribution of marijuana remains illegal at the federal level under the Controlled Substances Act ("CSA").   21 U.S.C. §§ 812, 841(a)(1), 844(a), 863; *see also* 21 U.S.C. § 802(16).   Under the Supremacy Clause of the U.S. Constitution, Article VI., Section 2, when state law conflicts with federal law, the federal law displaces or preempts the conflicting state law.

38.     Sage Naturals' chief executive has explicitly recognized that there is a "stigma that continues to surround medical marijuana use."  *See*

11

http://www.cambridgeday.com/2016/02/05/anticipating-questions-about-dispensary-sage-cannabis-chief-takes-the-initiative/ (last visited June 13, 2017).

39.     In a letter dated March 8, 2017, counsel for Sage Therapeutics notified Sage Naturals that it was infringing Sage Therapeutics' trademark rights.  Counsel for both parties engaged in further correspondence but were unable to resolve the dispute, which has culminated in this lawsuit.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### Section 43(a) of the Lanham Act,
### 15 U.S.C. § 1125(a)

40.     Sage Therapeutics incorporates by reference the preceding paragraphs above as though fully set out herein.

41.     Defendant uses the company name Sage Naturals, Inc. and uses the trademarks SAGE and SAGENATURALS in commerce in connection with goods and services related to the sale of medical marijuana without authorization from Sage Therapeutics.

42.     Defendant's unlawful use of its company name(s) and the SAGE and SAGENATURALS marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association, of Defendant with Plaintiff Sage Therapeutics or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

43.     Defendant's use of its company name(s) and unauthorized use of the SAGE and SAGENATURALS marks constitutes trademark infringement in violation of Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a)(1)(A).

44.     Defendant's use of its company name(s) and unauthorized use of the SAGE and SAGENATURALS marks was intended to cause, has caused, is causing, and is likely to continue to cause confusion, or to cause mistake or to deceive.

45.     Defendant's infringement of Sage Therapeutics' trademarks has been willful, wanton, reckless, and in total disregard of Sage Therapeutics' valuable rights.

46.     By reason of the foregoing, Sage Therapeutics has suffered monetary damages and loss of goodwill.  Defendant's acts are causing irreparable injury to Sage Therapeutics, for which there is no adequate remedy at law, and will continue to do so unless the Court enjoins Defendant's use of the marks SAGE and SAGENATURALS.

47.     As a result of Defendant's acts as described herein, Plaintiff Sage Therapeutics is entitled to damages in an amount to be proven at trial.  By reason of the foregoing, Sage Therapeutics has been damaged and is suffering, and will continue to suffer irreparable harm, and is entitled to injunctive relief.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### *Lanham Act, 15 U.S.C. §§ 1125(a)*

48.     Sage Therapeutics incorporates by reference the preceding paragraphs above as though fully set out herein.

49.     Defendant uses the marks SAGE and SAGENATURALS in commerce in connection with goods and services related to medical marijuana without authorization from Sage Therapeutics.

50.     Defendant's unlawful acts are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Sage Therapeutics or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

51.     Defendant has engaged in unlawful acts that constitute unfair competition and false designation of origin in violation of § 43(a) of the Lanham Act, codified at 15 U.S.C. §

1125(a).

52.     Defendant's unlawful acts will result in harm to Sage Therapeutics' reputation and its goodwill in its trademarks in the marketplace.

53.     Defendant's infringement of Sage Therapeutics' trademarks has been willful, wanton, reckless, and in total disregard of Sage Therapeutics' rights.

54.     By reason of the foregoing, Sage Therapeutics has suffered monetary damages and loss of goodwill.  Defendant's acts are causing irreparable injury to Sage Therapeutics, for which there is no adequate remedy at law, and will continue to do so unless this Court enjoins Defendant's use of the marks SAGE and SAGENATURALS.

55.     As a result of Defendant's acts as described herein, Plaintiff Sage Therapeutics is entitled to damages in an amount to be proven at trial.  By reason of the foregoing, Sage Therapeutics has been damaged and is suffering, and will continue to suffer irreparable harm, and is entitled to injunctive relief.

**COUNT III**
**UNFAIR COMPETITION**
*in Violation of Mass. Gen. Laws Ch. 93A, § 11*

56.     Sage Therapeutics incorporates by reference the preceding paragraphs above as though fully set out herein.

57.     Plaintiff Sage Therapeutics owns and enjoys common law rights in its SAGE Marks.

58.     Defendant is using the marks SAGE and SAGENATURALS in Massachusetts in connection with the sale, offer for sale, and advertising and marketing of their services in commerce, without authorization from Sage Therapeutics.

59.     Defendant's unlawful use of the SAGE and SAGENATURALS marks is likely to

cause confusion, mistake, or deception as to affiliation, connection, or association, of Defendant and Plaintiff Sage Therapeutics, and is likely to cause confusion, mistake, or deception regarding the origin, sponsorship, or approval of Defendant's goods, services, and commercial activities by Plaintiff Sage Therapeutics.

60.     Defendant's wrongful acts and conduct as set forth herein constitute willful, unfair and deceptive acts or practices within the Commonwealth of Massachusetts and in violation of Mass. Gen. Laws Ch. 93A, § 11.

61.     Defendant's unlawful acts will result in harm to Plaintiff Sage Therapeutics' reputation and its goodwill in its trademarks in the marketplace.

62.     Defendant's conduct described herein has been willful, reckless, and in violation of Plaintiff's rights.

63.     Defendant's wrongful and infringing activities have intended to cause, have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other harm to Plaintiff Sage Therapeutics' business, reputation, and goodwill.

64.     As a result of Defendant's acts described herein, Plaintiff Sage Therapeutics is entitled to damages in an amount to be proven at trial.   By reason of the foregoing, Sage Therapeutics has been damaged and is suffering, and will continue to suffer, irreparable harm and is entitled to injunctive relief.

**COUNT IV**
**TRADEMARK INFRINGEMENT**
*in Violation of Massachusetts Common Law*

65.     Sage Therapeutics incorporates by reference the preceding paragraphs above as though fully set out herein.

66.     Plaintiff Sage Therapeutics owns and enjoys common law rights in its SAGE

Marks.

67.     Defendant is using the marks SAGE and SAGENATURALS in Massachusetts in connection with the sale, offer for sale, and advertising and marketing of their services in commerce, without authorization from Sage Therapeutics.

68.     Defendant's unlawful use of the SAGE and SAGENATURALS marks is likely to cause confusion, mistake, or deception as to affiliation, connection, or association, of Defendant and Plaintiff Sage Therapeutics, and is likely to cause confusion, mistake, or deception regarding the origin, sponsorship, or approval of Defendant's goods, services, and commercial activities by Plaintiff Sage Therapeutics.

69.     Defendant's wrongful acts and conduct as set forth herein constitute trademark infringement in violation of Massachusetts common law.

70.     Defendant's unlawful acts will result in harm to Plaintiff Sage Therapeutics' reputation and its goodwill in its trademarks in the marketplace.

71.     Defendant's conduct described herein has been willful, reckless, and in violation of Plaintiff's rights.

72.     Defendant's wrongful and infringing activities have intended to cause, have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other harm to Plaintiff Sage Therapeutics' business, reputation, and goodwill.

73.     As a result of Defendant's acts described herein, Plaintiff Sage Therapeutics is entitled to damages in an amount to be proven at trial.  By reason of the foregoing, Sage Therapeutics has been damaged and is suffering, and will continue to suffer, irreparable harm and is entitled to injunctive relief.

## COUNT V
## TRADEMARK DILUTION
### *in Violation of Massachusetts Law, Mass. Gen. Laws Ch. 110H, § 13*

74.     Sage Therapeutics incorporates by reference the preceding paragraphs above as though fully set out herein.

75.     Defendant's unauthorized use of the trademarks SAGE and SAGENATURALS and its use of Sage in its company name will and does dilute the distinctive quality of Sage Therapeutics' valuable common law rights in its trademarks and trade name in violation of Mass. Gen. Laws Ch. 110H, § 13.

76.     Unless this Court enjoins Defendant from its wrongful conduct, Sage Therapeutics will continue to suffer irreparable harm to its business reputation and the distinctive quality of its trademarks and trade name, for which Sage Therapeutics has to adequate remedy at law.

77.     Defendant's conduct described above has been willful, reckless, and in violation of Plaintiff's rights.

78.     By reason of the acts of Defendant alleged herein, Sage Therapeutics has suffered, is suffering, and will continue to suffer irreparable harm and is entitled to injunctive relief and damages.

### PRAYER FOR RELIEF

WHEREFORE, Sage Therapeutics respectfully requests this Court to grant the following relief, and any other relief the Court may deem proper:

a)      Enter a judgment in favor of Sage Therapeutics and against Sage Naturals declaring that Sage Naturals' use of the SAGE and SAGENATURALS trademarks infringes Sage Therapeutics' trademark rights in violation of federal, state, and common law;

b)      For injunctive relief prohibiting Defendant, its agents, or anyone working for, in concert with, or on behalf of Defendant from using trademarks including the term SAGE, including but not limited to SAGENATURALS, or any other trademarks, service marks, or trade names that may be considered confusingly similar to Sage Therapeutics' trademarks in connection with medical marijuana or the field of medicine or healthcare, or from any other uses that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendant with Sage Therapeutics, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Sage Therapeutics, or unfairly competing with Sage Therapeutics;

c)      For injunctive relief prohibiting Defendant from doing business under a company name including the term "Sage," including but not limited to "Sage Biotech" and "Sage Naturals";

d)      For injunctive relief prohibiting Defendant from using or maintaining a website at a domain name containing the term "sage" including but not limited to the website sagecannabis.org;

e)      Order Defendant to account and pay over to Plaintiff all gains, profits, and advantages derived from its unlawful conduct, the damages which Plaintiff has sustained by reason of the conduct alleged herein, or such other sum as the Court shall find to be just, under 15 U.S.C. § 1117, Massachusetts law, and other applicable law;

f)      Allow Plaintiff permission to elect, prior to final judgment, statutory damages as its recovery rather than actual damages and profits as provided in 15 U.S.C. § 1117;

g)      Order Defendant to pay a sum totaling three times the compensatory damages for its willful and intentional misconduct as provided for in 15 U.S.C. § 1117, Mass. Gen. Laws Ch.

93A, and other applicable law;

     h)     Order Defendant to pay pre-judgment interest on Plaintiff's damages as provided in 15 U.S.C. § 1117, Mass. Gen. Laws Ch. 93A, and other applicable law;

     i)     Order Defendant to pay the costs of this action as provided in 15 U.S.C. § 1117, Mass. Gen. Laws Ch. 93A, and other applicable law;

     j)     Order Defendant to pay Sage Therapeutics' reasonable attorneys' fees as provided by 15 U.S.C. § 1117, Mass. Gen. Laws Ch. 93A, and other applicable law; and

     k)     Award such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38, Sage Therapeutics hereby demands a trial by jury as to any issues in this action so triable.

Date:  June 13, 2017

Respectfully submitted,

SAGE THERAPEUTICS, INC.

By its attorneys,

/s/ Lisa M. Tittemore

Lisa M. Tittemore (BBO # 567941)
Brandon T. Scruggs (BBO # 672541)
SUNSTEIN KANN MURPHY & TIMBERS LLP
125 Summer Street
Boston, MA 02110-1618
Tel:  (617) 443-9292
Fax:  (617) 443-0004
Email:  ltittemore@sunsteinlaw.com
Email:  bscruggs@sunsteinlaw.com
*Attorneys for Plaintiff Sage Therapeutics, Inc.*

04362/05001 2738027.1