## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SAGE THERAPEUTICS, INC.,

        Plaintiff,

v.

SAGE NATURALS, INC.,

        Defendant.

Civil Action No. 1:17-cv-11089-RGS

**JURY TRIAL DEMANDED**

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, Sage Naturals, Inc. ("Naturals" or "Defendant"), hereby answers the Complaint of Plaintiff Sage Therapeutics, Inc. ("Therapeutics" or "Plaintiff") as follows, and to the extent that Defendant does not answer a specific averment, it is hereby denied.

## NATURE OF THE ACTION

1.      In response to paragraph 1 of the Complaint, Naturals denies that any infringement (willful or otherwise), unfair competition, false designation of origin, or trademark dilution by Naturals in violation of the laws of the United States or the Commonwealth of Massachusetts has occurred.  Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of the remainder of allegations, and on this basis denies the allegations.

**PARTIES**

2.      In response to paragraph 2 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

3.      In response to paragraph 3 of the Complaint, Naturals admits the allegations of the Complaint.

**JURISDICTION AND VENUE**

4.      In response to paragraph 4 of the Complaint, Naturals admits the allegations of the Complaint.

5.      In response to paragraph 5 of the Complaint, Naturals admits the allegations of the Complaint.

6.      In response to paragraph 6 of the Complaint, Naturals admits the allegations of the Complaint.

7.      In response to paragraph 7 of the Complaint, Naturals admits the Court has both specific and general personal jurisdiction over Defendant Naturals.  Naturals denies causing tortious injury to Sage Therapeutics by acts within Massachusetts, and any allegations of infringing Sage Therapeutics' trademark rights through acts in Massachusetts.

8.      In response to paragraph 8 of the Complaint, Naturals admits that venue in this district is proper.  Naturals denies the remainder of the allegations in paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

9.      In response to paragraph 9 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

10.      In response to paragraph 10 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

11.      In response to paragraph 11 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

12.      In response to paragraph 12 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

13.      In response to paragraph 13 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

14.     In response to paragraph 14 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

15.     In response to paragraph 15 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

16.     In response to paragraph 16 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

17.     In response to paragraph 17 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

18.     In response to paragraph 18 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

19.     In response to paragraph 19 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

20.     In response to paragraph 20 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

21.     In response to paragraph 21 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

22.     In response to paragraph 22 of the Complaint, Naturals admits it has used the term SAGE in its company name and trademarks. Naturals denies the remainder of the allegations in paragraph 22 of the Complaint.

23.     In response to paragraph 23 of the Complaint, Naturals admits its website has displayed the phrase "The Science of Feeling Better". Naturals denies the remainder of the allegations in paragraph 23 of the Complaint.

24.     In response to paragraph 24 of the Complaint, Naturals admits its website refers to its customers as patients and provides information on how to "Become a Patient.". Naturals denies the remainder of the allegations in paragraph 24 of the Complaint.

25.      In response to paragraph 25 of the Complaint, Naturals admits medical

marijuana may be used in Massachusetts pursuant to Chapter 369 of the Acts of 2012, An Act for

the Humanitarian Medical Use of Marijuana. Naturals is without sufficient knowledge or

information at this time to form a belief as to the truth of the other allegations in the paragraph,

and on this basis denies the allegations.


26.      In response to paragraph 26 of the Complaint, Naturals admits Michael

Dundas, chief executive of Sage Naturals, stated in a letter published in Cambridge Day

magazine on February 5, 2016, that "medical marijuana is a highly effective treatment option for

a variety of debilitating medical conditions, symptoms and syndromes. … Our organization

exists to serve patients with medical conditions that will benefit from marijuana as a treatment

option. These are patients suffering from the side effects of chemotherapy or cancer itself,

children with extreme forms of seizure disorders, sufferers of Parkinson's Disease, ALS and

multiple sclerosis, among others. …". Naturals is without sufficient knowledge or information

at this time to form a belief as to the truth of the other allegations in the paragraph, and on this

basis denies the allegations.


27.      In response to paragraph 27 of the Complaint, Naturals admits a letter was

published in Cambridge Day magazine on February 17, 2017, in which Mr. Dundas referred to

"cannabis as medicine," his company's "plan to serve patients citywide, as well as a number of

patients from surrounding communities," and he stated that "a growing number of people have

reported that medical marijuana has helped them feel better" for conditions such as "cancer,

glaucoma, positive status for [HIV], [AIDS], hepatitis C, [ALS], Crohn's disease, Parkinson's disease or multiple sclerosis – or for other conditions such as anxiety, sleeplessness, post-traumatic stress disorder and neuropathic pain...". Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of the other allegations in the paragraph, and on this basis denies the allegations.

28.     In response to paragraph 28 of the Complaint, Naturals admits Mr. Dundas has also said that "[c]ancer, AIDS, ALS, and Parkinson's patients are the typical clients, but patients also suffering from anxiety disorders and PTSD find comfort in medical marijuana." Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of the other allegations in the paragraph, and on this basis denies the allegations.

29.     In response to paragraph 29 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

30.     In response to paragraph 30 of the Complaint, Naturals admits it has changed its name a number of times. Naturals denies the remainder of the allegations in paragraph 30 of the Complaint.

31.     In response to paragraph 31 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

32.     In response to paragraph 32 of the Complaint, Naturals denies the allegations.

33.     In response to paragraph 33 of the Complaint, Naturals denies the allegations.

34.     In response to paragraph 34 of the Complaint, Naturals admits it changed its logos in April 2017. Naturals denies the remainder of the allegations in paragraph 34 of the Complaint.

35.     In response to paragraph 35 of the Complaint, Naturals admits it changed its signage in April 2017. Naturals denies the remainder of the allegations in paragraph 35 of the Complaint.

36.     In response to paragraph 36 of the Complaint, Naturals is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

37.     In response to paragraph 37 of the Complaint, Naturals admits Distribution of marijuana remains illegal at the federal level under the Controlled Substances Act ("CSA"). 21 U.S.C. §§ 812, and that the Supremacy Clause of the U.S. Constitution, Article VI., Section 2, addresses when state law conflicts with federal law. Naturals denies the remainder of the allegations in paragraph 37 of the Complaint.

38.     In response to paragraph 38 of the Complaint, Naturals admits its chief executive has discussed a "stigma" that surrounds medical marijuana use. Naturals denies the remainder of the allegations in paragraph 38 of the Complaint.

39.     In response to paragraph 39 of the Complaint, Naturals admits counsel for Sage Therapeutics alleges that Sage Naturals is infringing Sage Therapeutics' trademark rights, and that Counsel for both parties engaged in further correspondence but were unable to resolve the dispute, which has culminated in this lawsuit. Naturals denies the remainder of the allegations in paragraph 39 of the Complaint.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### *Section 43(a) of the Lanham Act,*
### *15 U.S.C. § 1125(a)*

40.     Naturals is not required to admit or deny the allegations of paragraph 40 of the Complaint.

41.     Naturals denies the allegations in paragraph 41 of the Complaint.

42.     Naturals denies the allegations in paragraph 42 of the Complaint.

43.     Naturals denies the allegations in paragraph 43 of the Complaint.

44.     Naturals denies the allegations in paragraph 44 of the Complaint.

45.     Naturals denies the allegations in paragraph 45 of the Complaint.

46.     Naturals denies the allegations in paragraph 46 of the Complaint.

47.     Naturals denies the allegations in paragraph 47 of the Complaint.

**COUNT II**
**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
*Lanham Act, 15 U.S.C. § 1125(a)*

48.     Naturals is not required to admit or deny the allegations of paragraph 48 of the Complaint.

49.     Naturals denies the allegations in paragraph 49 of the Complaint.

50.     Naturals denies the allegations in paragraph 50 of the Complaint.

51.     Naturals denies the allegations in paragraph 51 of the Complaint.

52.     Naturals denies the allegations in paragraph 52 of the Complaint.

53.     Naturals denies the allegations in paragraph 53 of the Complaint.

54.     Naturals denies the allegations in paragraph 54 of the Complaint.

55.     Naturals denies the allegations in paragraph 55 of the Complaint.


**COUNT III**
**UNFAIR COMPETITION**
*Mass. Gen. Laws Ch. 93A, §11*

56.     Naturals is not required to admit or deny the allegations of paragraph 56 of the Complaint.


57.     Naturals denies the allegations in paragraph 57 of the Complaint.


58.     Naturals denies the allegations in paragraph 58 of the Complaint.


59.     Naturals denies the allegations in paragraph 59 of the Complaint.


60.     Naturals denies the allegations in paragraph 60 of the Complaint.


61.     Naturals denies the allegations in paragraph 61 of the Complaint.


62.     Naturals denies the allegations in paragraph 62 of the Complaint.


63.     Naturals denies the allegations in paragraph 63 of the Complaint.


64.     Naturals denies the allegations in paragraph 64 of the Complaint.

**COUNT IV**
**TRADEMARK INFRINGEMENT**
*Massachusetts Common Law*

65.      Naturals is not required to admit or deny the allegations of paragraph 65 of the

Complaint.

66.      Naturals denies the allegations in paragraph 66 of the Complaint.

67.      Naturals denies the allegations in paragraph 67 of the Complaint.

68.      Naturals denies the allegations in paragraph 68 of the Complaint.

69.      Naturals denies the allegations in paragraph 69 of the Complaint.

70.      Naturals denies the allegations in paragraph 70 of the Complaint.

71.      Naturals denies the allegations in paragraph 71 of the Complaint.

72.      Naturals denies the allegations in paragraph 72 of the Complaint.

73.      Naturals denies the allegations in paragraph 73 of the Complaint.

**COUNT V**
**TRADEMARK DILUTION**
*Mass. Gen. Laws Ch. 110H, § 13*

74.     Naturals is not required to admit or deny the allegations of paragraph 74 of the Complaint.

75.     Naturals denies the allegations in paragraph 75 of the Complaint.

76.     Naturals denies the allegations in paragraph 76 of the Complaint.

77.     Naturals denies the allegations in paragraph 77 of the Complaint.

78.     Naturals denies the allegations in paragraph 78 of the Complaint.

**COUNTERCLAIMS**

Subject to and without waiving any of the defenses set forth above, Naturals asserts the following Counterclaims against Sage Therapeutics.

**THE PARTIES**

1.     Counterclaim-Plaintiff  Sage Naturals, Inc. is a corporation organized under the laws of Massachusetts having its principal place of business at 13 Commercial Way, Milford, Massachusetts, with a place of business at 1001 Massachusetts Avenue, Cambridge, Massachusetts, both within this judicial district.

2.     Counterclaim-Defendant Sage Therapeutics, Inc. is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 215 First Street, Cambridge, Massachusetts, within this judicial district.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over the federal law claims under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (trademark and unfair competition claims).

4.     This Court has supplemental subject matter jurisdiction over the state law and common law claims under 28 U.S.C. § 1367.

5.     Naturals asserts Counterclaims against Sage Therapeutics, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201-02, and Federal Rule of Civil Procedure 13.

6.     This Court has jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338, and 2201-02.

7.     Venue is proper for these Counterclaims pursuant to 28 U.S.C. §§ 1391 and 1400.

8.     An actual controversy exists between Naturals and Sage Therapeutics by virtue of the allegations contained in Sage Therapeutics Complaint in this action and Natural's Answer.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement)

9.     Naturals incorporates by reference paragraphs 1 through 8 of this Counterclaim and re-alleges them as though fully set forth herein.

10.    Sage Therapeutics asserts in this action that Naturals is infringing and has infringed certain trademark rights allegedly owned by Sage Therapeutics.

11.     Naturals is not infringing, has not infringed any trademark rights allegedly owned by Sage Therapeutics (and Naturals has notified Sage Therapeutics on numerous occasions of the specific bases of non-infringement).

12.     As a result of these averments, an actual case or controversy exists between Naturals and Sage Therapeutics concerning Sage Therapeutics allegations that Naturals infringes or has infringed Sage Therapeutics trademark rights.

13.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Naturals seeks a declaratory judgment holding that it does not infringe and has not infringed, any trademark rights of Sage Therapeutics.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

14.     Naturals incorporates by reference paragraphs 1 through 13 of this Counterclaim and re-alleges them as though fully set forth herein.

15.     Sage Therapeutics asserts in this action that Naturals is infringing and has infringed Sage Therapeutics trademark rights.

16.     Any trademark rights alleged by Sage Therapeutics  are invalid for, among other things, abandonment, failure to enforce and failure to use in commerce.

17.     As a results of these averments, an actual case or controversy exists between Naturals and Sage Therapeutics concerning the validity of trademark rights asserted in this action.

18.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Naturals seeks a declaratory judgment holding that the trademark rights asserted in this action are invalid.

## THIRD COUNTERCLAIM

### (Unfair Competition Under the Lanham Act)

19.     Naturals incorporates by reference paragraphs 1 through 18 of this Counterclaim and re-alleges them as though fully set forth herein.

20.     Sage Therapeutics' actions constitute misleading description of fact.

21.     Sage Therapeutics' actions constitute false or misleading representation of fact.

22.     Sage Therapeutics' actions violate Section 1125 of the Lanham Act, 15 U.S.C. § 1125(a)

23.     Sage Therapeutics' actions have caused, and continue to cause, damages to Naturals, in an amount to be determined at trial.

24.     Sage Therapeutics' actions have caused, and continue to cause, irreparable injury to Naturals, and unless and until Sage Therapeutics' is enjoined by this Court, Naturals will continue to suffer irreparable injury because of Sage Therapeutics' actions. Naturals has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim-Plaintiff Naturals prays for judgment in its favor and against Plaintiff and Counterclaim-Defendant Sage Therapeutics' providing that:

1.     Dismissal with prejudice of Sage Therapeutics' claims in their entirety and with prejudice;

2.     Judgment against Sage Therapeutics' declaring that any trademark rights it allegedly has are not infringed by Naturals;

3.     Judgment against Sage Therapeutics' declaring that any trademark rights it allegedly has are invalid;

4.      A declaration that Naturals' defense and counterclaims and Sage Therapeutics' objectively baseless assertions in this lawsuit and its conduct in asserting its alleged rights entitles Naturals to its reasonable attorney's fees under applicable law;

5.      Award of costs to Naturals; and

6.      Award to Naturals such other relief the Court deems just and reasonable.

## JURY DEMAND

Naturals respectfully demands a trial by jury of any and all issues triable of right by jury in the above action.

Dated: December 8, 2017                          Respectfully submitted,

*/s/ Brian L. Michaelis*
Brian L. Michaelis, Esq.
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210
Tel:  617-946-4830
Fax:  617 946-4801
E-mail: bmichaelis@seyfarth.com

*Attorney for Defendant and Counterclaim-Plaintiff, Sage Naturals, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 8, 2017, a copy of the foregoing document was filed electronically through the Court's ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Brian L. Michaelis*
Brian L. Michaelis, Esq.
