IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SAGE THERAPEUTICS, INC.,

    Plaintiff,

v.

SAGE NATURALS, INC.,

    Defendant.

C.A. No. 1:17-cv-11089-RGS

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties believe that it would serve their interests to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have agreed to this Stipulated Protective Order, subject to approval of the Court;

IT IS HEREBY ORDERED that:

1. Any party to this action, and any non-party from whom discovery is sought in connection with this action may designate as

    (a)    *"Confidential"*; or

    (b)    *"Highly Confidential/Attorneys' Eyes Only"*

any documents, things, interrogatory answers, responses to requests for admissions, trial or deposition testimony, or other material that contains Confidential Information as set forth below.

2. **Confidential Information**. As used in this Protective Order, the term

"Confidential Information" means material or information not generally known to the public that the producing or disclosing party in good faith believes to incorporate sensitive business or commercial information, trade secrets, know-how, proprietary data, or private or personal information. Such material may be designated as "*Confidential.*"

3. **Highly Confidential Information / Attorneys' Eyes Only**. As used in this Protective Order "Highly Confidential Information - Attorneys' Eyes Only" means "Confidential Information" as set forth in paragraph 2 that the producing or disclosing party believes in good faith is of such a sensitive, competitive, or secret nature that disclosure of such information to any other party or non-party reasonably poses the risk of competitive injury. Examples of such information may include but are not limited to proprietary engineering drawings or specifications, source code, customer lists, invention notebooks, or other trade secrets, as well as internal financial analyses and data and business and product plans. Such material may be designated as "*Highly Confidential/Attorneys' Eyes Only.*"

4. **Designation of Confidential Materials**. If the disclosing or producing party or non-party believes in good faith that information is within the definitions in paragraphs 2 or 3, above, it may so designate that information as set forth below. Information so designated shall include all copies, excerpts, summaries, indices, abstracts, or copies of such information, regardless of the manner disclosed, including designated information disclosed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence, during a hearing or trial, in responses to requests for admissions or otherwise disclosed in connection with this action.

5. **Disclosure of Confidential Information**. Until or unless the Court rules otherwise, material marked or otherwise designated "Confidential" under paragraph 2, shall be

maintained in confidence by the person to whom such material is produced and shall not be disclosed to any person without the express written consent, or consent on the record, of the producing party except that material marked or otherwise designated as "Confidential" under paragraph 2 may be disclosed to:

(a)     Outside counsel for the respective parties, and the secretarial, clerical, litigation support, and paralegal personnel employed or retained by such counsel.

(b)     A single officer, director, or employee of the corporate party that the corporate party shall designate in writing prior to disclosure of any designated information to assist in the preparation of this litigation. The parties agree on their own behalf and on behalf of any in-house support staff to be bound by the provisions of the undertaking attached as Exhibit A, and to have each person so designated under this paragraph to sign the undertaking attached as Exhibit A before receiving any Confidential Information.

(c)     Outside experts who are not officers, directors, employees, shareholders, or consultants of a party to this action, and who have been retained in connection with this action, and who agree that they will not use Confidential Information for any purpose other than to prepare and/or provide expert testimony in this action and who have been given a copy of this Stipulated Protective Order and its provisions have been explained to them by an attorney and such expert has signed an undertaking in the form of the attached Exhibit A. Any outside expert proposed to be given access to Confidential Information must be identified in writing by the party seeking to qualify such person under this paragraph along with a copy of their qualifications as required by Fed. R. Civ. P. 26. Any party who objects to such person's designation under this paragraph (c) will give notice in writing of the objection and the basis for it in writing within 5 business days. No Confidential Information shall be disclosed to any person

to whom such an objection has been made, and it shall be the burden of the party seeking to qualify such person under this paragraph to obtain a ruling from the Court that such a person may be so designated.

(d) The Court and its employees (including court reporters, persons operating video equipment at depositions, translators, and any special master appointed by the Court) whose function requires them to have access to material designated as Confidential Information under this Stipulated Protective Order.

(e) Employees of third-party contractors involved solely in one or more aspects of organization, translating, copying, filing, coding, converting, storing, or retrieving data designing programs for handling data in connection with this litigation, including providing computerized litigation support.

Any person to whom Confidential Information is divulged pursuant to Subparagraphs 5(a)-(e) above is similarly obligated to maintain the confidence of such Confidential Information, and not to disclose it to any person other than a person authorized under Subparagraphs 5(a)-(e) above, subject to paragraph 7, below. Confidential Information shall not be used for any purposes other than this litigation.

6. **Disclosure of Highly Confidential / Attorneys' Eyes Only Information**. Until or unless the Court rules otherwise, material marked or otherwise designated as "Highly Confidential Information/Attorneys' Eyes Only" under paragraph 3, shall be maintained in confidence by the person to whom such material is produced and shall not be disclosed to any person other than persons authorized in paragraph 5(a), 5(c)-(e) unless the producing party provides express written consent, or consent on the record, for disclosure to other persons. Information designated as "Highly Confidential/Attorneys' Eyes Only" shall not be disclosed to

any person in paragraph 5(b) above. Information designated as "Highly Confidential/Attorneys' Eyes Only" shall not be used for any purposes other than this litigation.

Any person to whom information designated as Highly Confidential/Attorneys' Eyes Only is divulged shall maintain the confidence of such information, and shall not to disclose it to any person other than a person authorized under Paragraph 6, subject to paragraph 7 below. Such information shall not be used for any purposes other than this litigation.

7. **Disclosure to Witnesses Who Authored or Received Document**. Notwithstanding paragraphs 5 and 6, above, any party or third-party witness may be shown at a deposition or examine any document if it appears from the face of the document that the witness authored or previously received a copy of it.

8. **Deposition Designations**. A party or non-party that produces Confidential or Highly Confidential Information may designate information disclosed at a deposition as "Confidential" or "Highly Confidential / Attorneys' Eyes Only" by requesting the reporter to designate the transcript or any portion of it as confidential or highly confidential at the time of the deposition. Unless otherwise agreed upon, all parties shall maintain the entire deposition transcript and all information contained therein as Highly Confidential / Attorneys' Eyes Only for thirty (30) days following receipt of a copy of the transcript. During that thirty (30) day period, the party desiring to maintain confidentiality may designate in writing those portions of the transcript regarded as Confidential or Highly Confidential and only those portions or the portions designated at the deposition will thereafter be considered as Confidential or Highly Confidential in accordance with the provisions of this Stipulated Protective Order. Such designation shall not, however, operate to exclude a party's representative, not authorized to receive Confidential Information or Highly Confidential Information, from any part of a

deposition except when counsel for a party deems that a question and/or the answer to a question will result in disclosure of Confidential Information or Highly Confidential Information.

9. **Designation after Production**. Material produced without a confidentiality designation may be designated as Confidential or Highly Confidential subsequent to production or testimony if the producing party provides replacement materials bearing appropriate designations and notifies the receiving party promptly after becoming aware of same that the producing party failed to make such designation at the time of production, during the testimony, or during the thirty (30) day period after receipt of the transcript through inadvertence, mistake, or error. If discovery material receives a confidentiality designation subsequent to production or testimony, the receiving party promptly shall collect and destroy any copies that that have been provided to individuals other than those identified in paragraph 5, above.

10. **Challenging Designations**. If any party objects to a designation hereunder, that party may request in writing that the designating party rescind the designation. If the parties cannot agree within two weeks, the objecting party may move the court to order a lower designation, e.g., from "Highly Confidential/Attorneys' Eyes Only" to "Confidential," or de-designation of any material. The designating party shall bear the burden of establishing the need for the confidentiality designation. The confidentiality designation shall remain in place until such time as the Court rules on the confidentiality challenge.

11. **Conclusion of the Litigation**. At the conclusion of this case all Confidential Information and Highly Confidential Information, all materials produced pursuant to discovery in this action, and all copies thereof, shall be returned to the producing party, or at the option of the producing party, receiving counsel shall destroy and certify in writing that such material has been destroyed. Counsel of record may retain one copy of any material containing Confidential

Information or Highly Confidential Information for the purposes of maintaining a case file, which shall remain subject to the provisions of this Stipulated Protective Order.

12.     **Right to Oppose Production**.  This Stipulated Protective Order shall be without prejudice to the right of any party to oppose production of any information for any reason permitted under the Federal Rules of Civil Procedure.

13.     **Filing under Seal**.  Under the Local Rules of the United States District Court for the District of Massachusetts, blanket designations for filing under seal are prohibited and no document may be filed under seal unless a motion in compliance with L.R. 7.2 is allowed prior to submitting the document to the Court. Therefore any reference to filing under seal in this Protective Order is to be understood to require strict compliance with L.R. 7.2. Any document or thing containing or embodying Confidential Information material that is necessary to be filed in this action shall be filed in sealed envelopes or other sealed containers which shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, shall bear a statement substantially in the form:

CONFIDENTIAL

Filed under Protective Order by motion Pursuant to L.R. 7.2 allowed on ____ [date]. This envelope is not to be opened nor the contents thereof displayed or revealed except by Order of the Court or by agreement of the parties.

It shall be the burden of the party submitting confidential information to the Court to make a motion pursuant to Local Rule 7.2 and obtain allowance of that motion before submitting the confidential information to the Court. Counsel identified in paragraph 5(a), above, are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential materials filed with the Court upon termination of this litigation without further order of this

Court, and are the persons to whom such confidential exhibits or other confidential materials may be returned by the Clerk of the Court, if they are not so retrieved.

14. **Exceptions**. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

(a) was, is, or becomes public knowledge in a manner other than by violation of this Stipulated Protective Order;

(b) is acquired by the non-designating party from a third party having the right to disclose such information or material; or

(c) was lawfully possessed by the non-designating party prior to the entry of this Order by the Court.

(d) independently developed by the non-designating party; or

(e) is required to be disclosed by court order.

15. **Request for Production in Another Action**. If any receiving party (a) is subpoenaed or served with a demand by a non-party in an action not subject to this Protective Order, or (b) is served with any legal process by one not a party to this litigation, seeking any material designated as Confidential or Highly Confidential / Attorneys' Eyes Only, such receiving party shall respond by setting forth the existence of this Protective Order and object to its production to the extent permitted by law and shall give prompt written notice to the producing party, such that the producing party has an opportunity to properly object to the production and/or prevent the production by moving for a protective order, moving to quash the subpoena, or other appropriate means. Should the non-party seeking access to the material designated Confidential or Highly Confidential take action against such receiving party or

anyone else covered by this Protective Order to enforce such subpoena, demand, or other legal process, the producing party shall respond.

16. **Inadvertent Production of Privileged or Work Product Information**. Upon receiving a written request to do so from a producing party or non-party, the receiving party shall promptly return to the producing party or non-party any documents or tangible items that the producing party in good faith represents are covered by a claim of attorney-client privilege, work product immunity, or other privilege and were inadvertently or mistakenly produced. The receiving party also shall destroy any extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information upon production by the producing party of a privilege log with entries for all documents and tangible items inadvertently or mistakenly produced. The receiving party may move the Court for an order compelling the production of such information, and if the receiving party moves to compel it may retain one copy of the disputed document(s) or item(s) only for purpose of preparing the motion and only until the briefing for the motion to compel has been completed. The producing party shall retain copies of all returned documents and tangible things, and if such a motion is filed by the receiving party, shall upon request provide copes to the Court of the documents, things, or information that are the subject of the motion. The party claiming privilege or work product protection shall have the burden of proving that such privilege or work product protection exists. Notwithstanding the above, recognizing the need for parties to prepare their cases based on the discovery that is produced, if any information, document, or tangible thing is used or referenced in a court hearing, deposition, motion, expert report, or pretrial order, or is otherwise used openly in the case, any claim of inadvertent production must be made within five (5) business days after such

use. Otherwise, the parties agree that inadvertent production of privileged documents should be handled per the Federal Rules, Local Rules of this jurisdiction and relevant case law.

17. **Interim Effect.** The parties agree forthwith to submit this Stipulated Protective Order to the Court to be "So Ordered" and further agree that, prior to approval by the Court, this Stipulated Protective Order shall be effective as if approved.

18. **Amendments.** This Stipulated Protective Order may be amended by the agreement of counsel for the parties in the form of a stipulation and order that shall be filed in this case. Any party may apply to the Court for a modification of this Stipulated Protective Order. This Stipulated Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

19. **Advice to Clients Based on Confidential or Highly Confidential Information.** Nothing in this stipulated protective order shall be construed as preventing an attorney from advising his or her client based on confidential information or highly confidential information to which the client does not have access, so long as the substance of the confidential information is not disclosed to the client.

SO ORDERED THIS 31st DAY OF January 2018

By: /s/ Richard G. Stearns

Hon. Richard G. Stearns
United States District Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAGE THERAPEUTICS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAGE NATURALS, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:17-cv-11089-RGS<br>)<br>)<br>)<br>)<br>) |

## **EXHIBIT A TO THE STIPULATED PROTECTIVE ORDER**

　　I _____ (print name) have carefully read the Protective Order entered in this action on the \_\_\_\_ day of _____, 20\_\_\_, had the terms of the Protective Order explained to me by an attorney, and agree to be bound by the Protective Order.

　　I understand that any violation of the Protective Order may be punishable as contempt of court, and agree to submit myself to the jurisdiction of the United States District Court for the District of Massachusetts so that an appropriate penalty can be imposed if the Protective Order is violated.

　　　　　　　　　　　　　　　　　　　　　　　　　　　Agreed to by,


Dated: _____, 20\_\_\_　　　　　　　　　　　_____